UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
VARDA FRIEDMAN, an individual; on behalf
of herself and all others similarly situated,

                  Plaintiffs,

vs.

THE LAW OFFICE OF KEVIN Z. SHINE,
PLLC, a New York Professional Limited
Liability Company; KEVIN Z. SHINE,
individually and in his official capactiy; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                  Defendants.
-------------------------------------------------- x

CASE NO.:

FILED
U.S. DISTRICT COURT
2012 MAY 10  PM 3: 31
S.D. OF N.Y.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

12 CV 3739
JUDGE KARAS

## I. PRELIMINARY STATEMENT

1.    PLAINTIFF, VARDA FRIEDMAN ("Plaintiff" or "FRIEDMAN"), brings this action on behalf of herself and all others similarly situated, by way of this Class Action Complaint for the illegal practices of the Defendants THE LAW OFFICE OF KEVIN Z. SHINE, PLLC. ("SHINE LAW OFFICE"), and KEVIN Z. SHINE ("SHINE") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.    The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Such collection practices include, *inter alia*:

    (a)    Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection

conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, requests that she be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

9. FRIEDMAN is a natural person.

10. At all times relevant to this lawsuit, FRIEDMAN was a citizen of, and resided in, the Hamlet of Monsey, Rockland County, New York.

11. At all times relevant to this lawsuit, SHINE LAW OFFICE is a Professional Limited Liability Company existing pursuant to the laws of the State of New York.

12. SHINE LAW OFFICE maintains its principal business address at 5965 Transit Road, Suite 500, Hamlet of East Amherst, Erie County, New York.

13. Plaintiff is informed and believes, and on that basis alleges, that SHINE is a natural person who resides in the Hamlet of East Amherst, Erie County, New York.

14. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

15. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of SHINE LAW OFFICE that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by SHINE, PLLC and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of FRIEDMAN occurred within this federal judicial district, and because the Defendants are collectively subject to personal

jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS REGARDING PLAINTIFF

19.   Sometime prior to May 2012, Plaintiff allegedly incurred a financial obligation ("Friedman Obligation").

20.   The Friedman Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21.   Defendants contend that the Friedman Obligation is in default.

22.   The alleged Friedman Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.   FRIEDMAN is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.   Plaintiff is informed and believes, and on that basis alleges, that sometime prior to May, 2012, the creditor of the Friedman Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to SHINE LAW OFFICE for collection.

25.   SHINE LAW OFFICE using the U.S. Mail, telephone and Internet, collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors.

26.   SHINE LAW OFFICE is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.   SHINE LAW OFFICE, along with their collective owners, officers, managers, supervisors, and other employees, implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw all of the illegal policies and procedures alleged herein.

28. On information and belief, SHINE is a principal owner, director, shareholder, and/or manager of SHINE LAW OFFICE.

29. SHINE attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

30. SHINE personally implemented, and with knowledge such practices were contrary to law, acted consistent with, engaged in, managed, and oversaw the illegal policies and procedures used by other employees of SHINE LAW OFFICE that are the subject of this complaint.

31. SHINE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. Within the one year immediately preceding the filing of this complaint Defendants contacted Plaintiff on multiple occasions via telephone and left numerous voice messages in an attempt to collect the Friedman Obligation ("Messages").

33. By way of limited example only, the following is a transcript of one such "live" Message that Defendants left for Plaintiff on her cellular telephone voicemail system on or about May 2, 2012:

> "This is David [*indecipherable*] calling from the Law Office of Kevin Shine trying to get in contact with...with Varda Friedman. My return phone number is 888-201-6643 extension 121. Thank you."

34. By way of further limited example only, the following is a transcript of one such "live" Message that SHINE LAW OFFICE left for FRIEDMAN on her cellular telephone voicemail system on or about May 3, 2012:

> "This is [*indecipherable*] calling from the Law Office of Kevin Shine trying to get in contact with Varda Friedman. My return phone number is 888-201-6643 extension 121. Thank you."

35. By way of further limited example only, the following is a transcript of one such "live" Message that SHINE LAW OFFICE left for FRIEDMAN on her cellular telephone voicemail system on or about May 7, 2012:

> "Hi good morning this is David [*indecipherable*] calling from the Law Office of Kevin Shine trying to get in contact with…uh…Varda Friedman. My return phone number is 888-201-6643 extension 121."

36. At the time Plaintiff received the Messages, she did not know the identity of caller.

37. At the time Plaintiff received the Messages, she did not know any person named "David from the Law Office of Kevin Shine."

38. At the time Plaintiff received the Messages, she did not know any company named "LAW OFFICE OF KEVIN SHINE."

39. At the time Plaintiff received the Messages, she did not know that the caller was a debt collector.

40. At the time Plaintiff received the Messages, she did not know that the call concerned the collection of a debt.

41. The telephone number 888-201-6643 is answered by persons who are employed by SHINE LAW OFFICE as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

42. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

43. Each of the Messages was left by persons employed by Defendants as non-attorney debt collectors in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

44. Each of the Messages uniformly failed to identify SHINE LAW OFFICE by its true company name as the caller.

45. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

46. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

47. Each of the Messages uniformly failed to provide meaningful identification of SHINE LAW OFFICE's identity as the caller.

48. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by SHINE LAW OFFICE, and then provide that debt collector with personal information.

49. SHINE LAW OFFICE intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

50. Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

51.   At all times relevant to this action, SHINE LAW OFFICE and the other Defendants were aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

52.   At all times relevant to this action, SHINE LAW OFFICE willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

53.   The Defendants' act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

54.   The Defendants' act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

55.   The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that SHINE LAW OFFICE is a debt collector in a manner understandable to the least sophisticated consumer, the Defendants have engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

(a) Failing to provide meaningful disclosure of SHINE LAW OFFICE's identity;

(b) Failing to disclose that the call is from a debt collector; and

(c) Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

57. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

58. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) for whom SHINE LAW OFFICE left a voicemail or answering machine message, in the form of the Messages, (c) that did not identify SHINE LAW OFFICE by its true company name or state that the call was for collection purposes (d) made in connection with SHINE LAW OFFICE's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

60. The identities of all class members are readily ascertainable from the records of SHINE LAW OFFICE and those business and governmental entities on whose behalf it attempts to collects debts.

61. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of SHINE LAW OFFICE, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

62. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

63. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

64. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

65. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' telephonic voice messages, such as the Messages,

   violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

(c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

66.  Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

67. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Messages violate 15 U.S.C. §1692d(6), 1692e(10), and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

68. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

70. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

71. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

    (b) Placing telephone calls without providing meaningful disclosure of SHINE LAW OFFICE's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), in violation of 15 U.S.C. § 1692d(6);

(d) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(e) Failing to disclose in its initial communication with the consumer, when that communication is oral, that SHINE LAW OFFICE is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(f) Failing to disclose in all oral communications that SHINE LAW OFFICE is a debt collector in violation of 15 U.S.C. §1692e(11).

### VIII. PRAYER FOR RELIEF

72. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) Declaratory relief adjudging that the Defendants' Messages violate the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Uniondale, New York
May 10, 2012

*(signature)*
Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
Email: bill@wfhlegal.com

*Attorneys for Plaintiff, Varda Friedman, and all others similarly situated.*